UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

AMERICAN TUGS, INC.,

        Plaintiff,

    -v-                         No.  16 CV 3462-LTS

3HD SUPPLY, LLC et al.,

        Defendants.

--------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER

Plaintiff American Tugs, Inc. ("Plaintiff") brought this breach of maritime contract action against defendants 3HD Supply, LLC ("3HD"), Humberto Diaz ("Diaz"), and Soraya Valero ("Valero") (collectively, "Defendants".  (First Amended Complaint ("FAC"), Docket Entry No. 19, ¶¶ 3.02-3.04.)  Defendants move pursuant to Rule 60(b)(1), (b)(4), and (b)(6) of the Federal Rules of Civil Procedure to vacate the Court's August 29, 2018, Order (("Order of Default"), Docket Entry No. 62) granting Plaintiff's motion for default judgment.  (Docket Entry No. 66.)  The Court has jurisdiction of this action pursuant to 28 U.S.C. section 1333(1).

The Court has considered thoroughly all submissions[1] related to this motion and, for the reasons explained below, grants Defendants' motion to vacate the Order of Default pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure.

---

[1]      Docket Entry Numbers 66, 69, and 72.

<u>**FACTS**</u>

The Court assumes familiarity with the Order of Default and provides below only those facts material to the determination of the instant motion.

On August 30, 2018, the Court granted Plaintiff's motion for default judgment after Defendants failed to appear and respond to the asserted claim of breach of a maritime contract for the charter of vessels to transport construction equipment.  (Order of Default, at 1.) Defendant 3HD, an entity incorporated in Florida (FAC, at ¶ 4.01), had attempted to contact the Court by letter dated July 18, 2016.  (Docket Entry No. 16.)  The letter was sent by Diaz, in his capacity as President of 3HD, and styled itself as a "response to the complaint filed by American Tugs."  In that letter, Diaz wrote that there was never a signed vessel charter contract between the parties.  (<u>Id.</u>)  He further argued that this Court lacked jurisdiction as "all operations occurred in Trinidad & Tobago."  (<u>Id.</u>)  In response to the letter, this Court noted that an artificial entity cannot represent itself and instructed 3HD to enter an appearance by counsel and file a timely answer.  (<u>Id.</u>)  3HD did not enter an appearance by counsel and took no further action until it filed this motion one year after the entry of the Order of Default.  (Docket Entry No. 66.)

Diaz and Valero were served with a copy of the FAC at a Florida address. (Docket Entry No. 21.)  No summons for Diaz or Valero were requested, issued, or served.  After service of the FAC, Diaz and Valero separately wrote letters to the Court requesting that the Court adjourn the initial pre-trial conference to allow Diaz to secure representation and on account of Valero's illness, respectively.  (Docket Entry Nos. 23, 25.)  The Court adjourned that conference.  (Docket Entry No. 26.)  Until the instant motion was filed by counsel on Defendants' behalf, none of them made any further appearance or had any contact with the Court.

According to Defendants' proffer on this motion practice,[2] the parties never agreed to the "BIMCO Supply Time" form ("BIMCO form").  (Docket Entry No. 66-1, ("Diaz Aff."), at ¶¶ 13-18, 21, 24-25, 33, 40.)  The BIMCO form contained a forum selection provision which was the only cited connection between Defendants and this forum.  (Order of Default, at 7.)  Diaz, the President of 3HD and the person who negotiated the vessel charter contract with Plaintiff (Diaz Aff., at ¶ 40), proffers that he rejected several requests by Plaintiff's representatives to sign the vessel charter contract, which included the BIMCO form.  (Id. at ¶¶ 19-20, 33-34, 36-37, 39.)  One such request was a letter from Plaintiff's CEO, Edwin Garcia, describing the terms of the agreement and requesting that 3HD sign the letter to accept the terms of the vessel charter contract.  (Docket Entry No. 66, Exhibit B.)  The signature line in that letter reserved for 3HD was left blank.  (Id.)  Another such request was an email from Plaintiff's President, Pedro Rivera, asking Diaz to sign and return the vessel charter contract.  (Docket Entry No. 66, Exhibit D.)  Diaz alleges that 3HD did not reply to that, or any other, request to sign the vessel charter contract.  (Id. at ¶ 36-39.)

Defendants now move to vacate the Order of Default pursuant to Rule 60(b)(1), (b)(4), and (b)(6) of the federal rules of civil procedure.[3]  (Docket Entry No. 66.)

## DISCUSSION

Three elements are required for the valid exercise of personal jurisdiction: (1) service of process must be procedurally proper, (2) service must be affected under a proper

---

[2]    Docket Entry Number 66 and attached exhibits.

[3]    Because the Court grants the motion pursuant to Rule 60(b)(4) as to all Defendants for the reasons explained herein, the Court does not address whether relief is appropriate pursuant to Rule 60(b)(1) or (b)(6).

statutory basis, and (3) the exercise of personal jurisdiction must comport with constitutional principles of due process.  See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 59-60 (2d Cir. 2012).  Defendants argue that service of process was not procedurally proper as to Diaz and Valero, and that the exercise of personal jurisdiction as to 3HD did not comport with the constitutional principles of due process.  (Docket Entry No. 67, at 20, 23.)[4]

Service of Defendants Diaz and Valero

Defendants move pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure to have the Order of Default vacated as against Diaz and Valero because the service of process as to them was procedurally improper, such that personal jurisdiction was not obtained. (Docket Entry No. 67, at 20.)  Rule 60(b)(4) requires the Court to "relieve a party… from a final judgment… [if] the judgment is void."  Fed. R. Civ. P. 60(b)(4); see also Kao Hwa Shipping Co., S.A., v. China Steel Corp., 816 F. Supp. 910, 913 (S.D.N.Y. 1993) ("The court must vacate a void judgment.")  A judgment is void where the court lacks personal jurisdiction over the defendant.  "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 123 (2d Cir. 2008).  "In a collateral challenge to a default judgment under Rule 60(b)(4), the burden of establishing lack of

---

[4]     Plaintiff argues that when deciding a Rule 60(b)(4) motion, the Court must examine whether the default was willful, whether there is a meritorious defense, and whether vacating the default judgment will cause the non-defaulting party prejudice.  (Docket Entry No. 69, at 7, 17.)  However, "[u]nlike motions made pursuant to other subsections of 60(b), the Court has no discretion regarding motions to vacate void judgments under Rule 60(b)(4)… [and] must vacate a void judgment."  Kao Hwa Shipping Co., S.A., v. China Steel Corp., 816 F. Supp. 910, 913 (S.D.N.Y. 1993).  The Court must vacate the Order of Default if it was rendered in the absence of personal jurisdiction "even if [Defendants'] default was willful and their delay in seeking to vacate it inexcusable." Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L., et al., 115 F. Supp. 2d 367, 372 (S.D.N.Y. 2000).

jurisdiction is properly placed on a defendant who had notice of the original lawsuit.  "R" Best
Produce, Inc. v. DiSapio, 540 F.3d 115, 126 (2d Cir. 2008); Burda Media, Inc. v. Viertel, 417
F.3d at 292, 299 (2d Cir. 2005).  Rule 4(c) requires service of a summons and complaint.  Fed. R.
Civ. P. 4(c).

   Both Diaz and Valero had actual notice of the original lawsuit.  According to the
affidavit of service, a copy of the FAC was delivered by personal service to Diaz and Valero at a
Florida address specified therein.  (Docket Entry No. 21.)  Subsequently, both Diaz and Valero
wrote letters to the Court requesting adjournments.  (Docket Entry Nos. 23, 25.)  However, as the
docket shows, no summons was ever requested, issued, or served upon Diaz or Valero.
Plaintiff's conclusory assertion that "service was proper" (Docket Entry No. 69, at 10)
notwithstanding, Defendants have carried their burden of showing that no summons was ever
issued for or served upon Diaz or Valero.  Accordingly, and for the additional reasons set forth
below, the Court lacked personal jurisdiction over those defendants.

   Plaintiff argues that Diaz and Valero waived the defense of personal jurisdiction.
(Docket Entry No. 69, at 10.)  A defendant is deemed to have waived personal jurisdiction when
they "give a plaintiff a reasonable expectation that [they] will defend the suit on the merits or…
cause the court to go to some effort that would be wasted if personal jurisdiction is later found
lacking."  Corporacion Mexicana De Mantenimiento Integral, S. De R.L. DE C.V. v. Pemex-
Exploracion Y Produccion, 832 F.3d 92, at 102 (2d Cir. 2016) (citation omitted).  A reasonable
expectation that a defendant will defend the suit on the merits arises if the defendant participates
in extensive pre-trial proceedings or forgoes numerous opportunities to move to dismiss for lack
of personal jurisdiction.  See Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 62 (2d Cir. 1999)
(Defendant "participated in pretrial proceedings but never moved to dismiss for lack of personal

jurisdiction despite several clear opportunities to do so…").  A defendant's participation in proceedings, such as by "affirmatively and successfully" seeking relief from the court, can give rise to that a reasonable expectation.  Corporacion Mexicana, 832 F.3d at 101.

Diaz and Valero each wrote to the Court seeking adjournments of the initial pre-trial conference to secure legal representation and because of illness, respectively.  (Docket Entry Nos. 23, 25.)  Plaintiff argues the requests for adjournments, which were granted, sufficed to create a reasonable expectation that they would defend the suit on the merits.  (Docket Entry No. 69, at 12-13.)  However, Diaz and Valero engaged in no further correspondence with the Court, did not appear in this action through counsel, and did not participate in any pre-trial proceedings. Courts in this circuit have repeatedly stated that requests for adjournments are not the kind of "substantial pretrial activity that typically warrant a finding of waiver."  Hiscox Insurance Co., Inc. v. Bordenave, No. 18-CIV-10222 (PAE), 2019 WL 2616338, at *5 (S.D.N.Y. June 26, 2019) (internal citation omitted) (collecting cases).  Because Diaz and Valero did not participate in any pre-trial proceedings and their letters did not seek the kind of affirmative relief that warrants a finding of waiver, they did not give Plaintiff a reasonable expectation that they would defend the suit on the merits.  Accordingly, Diaz and Valero did not waive their personal jurisdiction defense and the judgment is void as to those defendants.

Personal Jurisdiction

Defendants move pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure to have the Order of Default vacated as against 3HD based on lack of personal jurisdiction.  (Docket Entry No. 67, at 23.)  For the exercise of personal jurisdiction to comport

with due process, a defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  <u>International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement et al.</u>, 326 U.S. 310, 316 (1945) (internal citation omitted).  It is undisputed that the activities which were the subject of the original lawsuit took place in the Caribbean.  (FAC, at ¶ 4.01.)  The only putative connection between Defendants and this district is the dispute resolution clause in the BIMCO Form.  (Docket Entry No. 62, at 7.)  However, in its motion to vacate the Order of Default, 3HD denies that it ever agreed to the terms contained in the BIMCO form.  (<u>See generally</u> Docket Entry No. 66.)

On a motion pursuant to Rule 60(b)(4), a defendant with actual notice of the action bears the burden of proof.  <u>See</u> <u>"R" Best Produce</u>, 540 F.3d at 126.  However, while the "allegations of a complaint are deemed admitted for adjudication of the <u>merits</u> when a default judgment is entered by a court with jurisdiction, the entry of a default judgment cannot serve to admit the facts necessary to establish such jurisdiction."  <u>Id.</u> at 125.  Some evidence other than the allegations admitted by Defendants' default is required to establish the facts underlying personal jurisdiction.  <u>See, e.g.</u>, <u>id.</u>; <u>Success Sys., Inc. v. Lynn</u>, No. 06-CV-1117 (RNC), 2013 WL 810540, at *2 n.2 (D. Conn. Mar. 5, 2013) (requiring evidence beyond the amended complaint to defeat Defendant's challenge to personal jurisdiction).

Plaintiff alleged in its unverified complaint that the parties agreed to be bound by the BIMCO form, an unsigned copy of which was attached to the complaint.  (FAC, at ¶ 4.06; Exhibit A.)  This fact was deemed admitted upon Defendants' default.  However, Defendants have proffered evidence controverting Plaintiff's allegation.  In his declaration, Diaz states that he negotiated the contract as president of 3HD, but never agreed to include the BIMCO form in

the contract.  (Diaz Aff., at ¶¶ 13-18, 21, 24-25, 33, 40.)  As evidence that 3HD never agreed to

the BIMCO form's terms, Diaz notes that the exhibit to the complaint was not signed, and

alleges that Plaintiff knew 3HD never signed the BIMCO form, and that he had rejected several

attempts by the Plaintiff to get him to sign the BIMCO form.  (Id. at ¶¶ 19-20, 34, 36-37, 39.)

Included with Diaz's declaration is a letter from Plaintiff's CEO, Edwin Garcia, describing the

terms of the agreement and requesting that 3HD sign the letter to accept the terms.  (Docket

Entry No. 66, Exhibit B.)  The exhibit is not signed.  (Id.)  Diaz's declaration also includes an

email from Plaintiff's President, Pedro Rivera, asking Diaz to sign and return the vessel charter

contract.  (Id., Exhibit D.)  Accordingly, 3HD has proffered admissible evidence that it did not

agree to the forum selection clause contained within the BIMCO form.

                In response to 3HD's proffer that it did not agree to the BIMCO form's terms,

Plaintiff offers no evidence or argument that the parties so agreed.  Instead, Plaintiff argues that

3HD waived the defense of lack of personal jurisdiction by filing a letter with the Court which

was styled a "response to the complaint" in which 3HD asserted that the Court lacked personal

jurisdiction.  (Docket Entry No. 69, at 12.)  Plaintiff argues that 3HD waived the lack of personal

jurisdiction defense by raising it for the first time in the instant motion to vacate the Order of

Default.  (Id.)  The cited letter was sent by Diaz, purportedly on behalf of 3HD (Docket Entry

No. 16), and the Court did not construe the letter as a responsive pleading.  Instead, this Court

directed 3HD to enter an appearance by counsel and file a timely answer because an artificial

entity cannot represent itself in court.  (Id.)  3HD never entered an appearance by counsel and

had no further involvement in the action until the instant motion was filed.  The Court finds that

the letter by Diaz was not extensive participation in pre-trial proceedings giving rise to a

reasonable expectation that 3HD would defend the suit on the merits.  "A defendant is always

free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds…" Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauzites de Guinee, 456 U.S. 694, 706 (1982). Furthermore, Plaintiff could not reasonably have expected 3HD to defend the suit on the merits when the only document it attempted to file with the Court disclaimed the jurisdiction of the Court to adjudicate the action. Therefore, 3HD did not waive the defense of personal jurisdiction.

Defendants' submission also includes sworn declarations by the individual defendants that neither of them assented to the terms of the unsigned vessel charter contract, nor had any personal dealings with Plaintiff. Plaintiff has not produced evidence to support its assertion that jurisdiction can properly be exercised based on assent to litigation in this forum, nor has it proffered any other factual basis for the proper exercise of personal jurisdiction. As explained above, its waiver argument is unavailing. Because the Defendants did not waive their defense of lack of personal jurisdiction, and "[p]ersonal jurisdiction must be established in the absence of a defendant's consent or waiver," "R" Best Produce, 540 F.3d at 125, the judgment is void as against 3HD.

CONCLUSION

For the foregoing reasons, Defendants' motion to vacate the Order of Default pursuant to Federal Rule of Civil Procedure 60(b)(4) is granted as against all defendants, and the Complaint is dismissed as against all defendants for lack of personal jurisdiction. The Clerk of Court is directed to void the judgment entered on Aug. 30, 2018, (Docket Entry No. 63) and enter judgment dismissing the complaint for lack of personal jurisdiction.

This Memorandum Opinion and Order resolves Docket Entry Number 66.

SO ORDERED.

Dated: New York, New York
      May 27, 2020


                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        United States District Judge